```
                                                    FILED         RECEIVED
                                                    ENTERED       SERVED ON
                                                        COUNSEL/PARTIES OF RECORD
```

1  Kimberly Moffatt Jones
   1368 E. Mountain Drive
2  Montecito, CA 92108                              FEB -8 2016
   Self-represented Plaintiff
3
                                                   CLERK US DISTRICT COURT
4              UNITED STATES
                  DISTRICT
5                                            2:16-cv-00243-MMD-GWF
   KIMBERLY MOFFATT JONES
6
                     Plaintiff,
7  vs.                                       COMPLAINT FOR:
                                             1) Legal Malpractice;
8  KATHRYN STRYKER WIRTH, and JOLLEY         2) Negligence; and
   URGA WOODBURY & LITTLE aka JOLLEY         3) Breach of Fiduciary Duty
9  URGA WOODBURY & STANDISH aka
   JOLLEY URGA WIRTH & WOODBURY,
10                   Defendants.

11

12        Plaintiff, KIMBERLY MOFFATT JONES, complains against Defendants KATHRYN

13 STRYKER WIRTH, and JOLLEY URGA WOODBURY & LITTLE aka JOLLEY URGA

14 WOODBURY & STANDISH aka JOLLEY URGA WIRTH & WOODBURY and DOES 1-10

15 as follows:

16              **GENERAL ALLEGATIONS APPLICABLE**

17                  **TO ALL CAUSES OF ACTION**

18                      (Against All Defendants)

19    1.    Plaintiff, KIMBERLY MOFFATT JONES (hereinafter "Plaintiff"), is, and at all

20 times herein mentioned was, an individual and a resident of the State of California.

21    2.    Plaintiff is informed and believes and, based thereon, alleges that Defendant,

22 KATHERYN STRYKER WIRTH (hereinafter "Wirth"), is, and at all times herein mentioned

23 was, an individual and a resident of the State of Nevada and an attorney at law, duly admitted

24 and licensed to practice law in the State of Nevada.

25    3.    Plaintiff is informed and believes and, based thereon, alleges that Defendant,

26 JOLLEY URGA WOODBURY & LITTLE, aka JOLLEY URGA WOODBURY &

27 STANDISH, aka JOLLEY URGA WIRTH & WOODBURY, (hereinafter "Jolley Urga"), is, and

28 at all times herein mentioned was, a corporation, duly organized and existing under the laws of

the State of Nevada, doing business in the City of Las Vegas, Clark County Nevada.

4. Plaintiff is informed and believes and, based thereon, alleges that, at all times mentioned herein, Defendant Wirth was a shareholder and an agent of the Defendant Jolley Urga, and in doing the things herein alleged was acting within the scope of such employment and agency.

## JURISDICTION AND VENUE

5. This is an action for a Legal Malpractice against the Defendants.

6. On information and belief, Defendant Wirth is a citizen of the State of Nevada and conducts business directly in Clark County, Nevada. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. On information and belief, Defendant, Jolley Urga, is a Nevada professional corporation organized under the laws of the State of Nevada with its principal place of business in Clark County, Nevada, and, therefore, is a citizen of the State of Nevada. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court has jurisdiction over the subject matter of this action pursuant to Title 28 U.S.C. §1332 (Diversity of Citizenship).

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FIRST CAUSE OF ACTION

(Legal Malpractice Against Defendants

Wirth, Jolley Urga and DOES 1 through 10)

10. Plaintiff refers to and incorporates herein the General Allegations stated in Paragraphs 1 through 9 alleged herein above, and makes them a part hereof as though set forth in their entirety herein.

11. Based on the sworn testimony of Defendant Wirth, an attorney-client relationship was formed between Defendant Wirth and Plaintiff and between Defendants Jolley Urga and DOES 1 through 10, inclusive, and Plaintiff on or about June 16, 1998. These facts were acknowledged to be true by Defendant Wirth, while testifying under oath at her deposition on November 4, 2013 in case number D-12-470239-U, filed in the Eighth Judicial District Court for

Clark County, Nevada.

12. On July 1, 1998, Defendants, and each of them, acting through Defendant Wirth, represented Plaintiff in negotiating and executing a Prenuptial Agreement and Defendant Wirth personally appeared with Plaintiff and signed the Prenuptial Agreement as Plaintiff's attorney on this day.

13. As a result of the attorney-client relationship created by the conduct described above, which relationship has been acknowledged, under oath, by Defendant Wirth, at all times relevant hereto, Defendants, and each of them, owed a duty of care to Plaintiff to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake in accordance with relevant legal standards of care within the practice of law.

14. As a result of the attorney-client relationship created by the conduct described above, which relationship has been acknowledged, under oath, by Defendant Wirth, at all times relevant hereto, Defendants, and each of them, who held themselves out to the public as possessing greater than ordinary knowledge and skill in the field of family law, had a duty to represent plaintiff with the reasonable care, skill, and diligence ordinarily possessed and exercised by attorneys specializing in the field of family law, under similar circumstances.

15. Nevada Rules of Professional Conduct, Rule 1.6, provides in pertinent part, that a lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by statute. A lawyer is also required to make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

16. Plaintiff was named as a defendant in the case of Fletcher Jones, Jr. v. Kimberly Jones, case number D-12-470239-U, which was filed in the District Court, Family Division, in Clark County, Nevada, on October 4, 2012. Fletcher Jones Jr. (hereinafter "Jones"), sought specific performance and to enforce three agreements, a Prenuptial Agreement, Marital Settlement Agreement and Post Marital Agreement, entered into between Jones and Plaintiff.

The sole cause of action before the court at the time of trial was Jones' claim for specific performance of the parties' three marital agreements, including their Prenuptial Agreement entered July 1, 1998.

17. Because Defendants, and each of them, represented Plaintiff in the execution of the Prenuptial Agreement, Jones called Defendant Wirth as his witness in the civil action he filed against Plaintiff, case number D-12-470239-U.

18. Jones noticed Defendant Wirth's deposition in case number D-12-470239-U and in conjunction with that deposition, requested a copy of Defendant's file for Plaintiff. Prior to the commencement of Defendant Wirth's deposition, Plaintiff signed an authorization for release of certain materials from her file to her attorneys and pursuant thereto, documents were provided by Defendants.

19. During Defendant Wirth's deposition on November 4, 2013, Defendant Wirth testified that the entire file was not provided to Plaintiff. Defendant Wirth testified that her "notes" were not provided and were withheld from the production of the file to Plaintiff. Defendant Wirth testified that the failure to produce her notes was intentional and that the reason her notes were not provided was because of the attorney-client privilege issues and work product issues. Her intent to protect Plaintiff's rights to maintain those privileges and her concern that reviewing them prior to testifying might result in a privilege waiver.

20. Defendant Wirth testified that, knowing that her notes had not been produced, she had not reviewed those notes in preparation for her deposition. Defendant Wirth further testified that she did not want to cause an inadvertent breach of the attorney-client privilege by reviewing those documents in preparation for her deposition, which would then make those documents subject to production to the opposing party and she had a professional obligation to Plaintiff not to jeopardize those privileges.

21. Defendant Wirth was represented during her deposition by another attorney at Jolley Urga, Mr. Thomas Standish, who stated unequivocally that it was his position, on behalf of Jolley Urga and Defendant Wirth, that he would object to the production of Defendant Wirth's notes to Jones or to Plaintiff, but "particularly to [Plaintiff]" by virtue of her testimony in case

number D-12-470239-U.

22.     When Defendant Wirth was called as a witness to testify for Jones at trial on February 7, 2014, she abandoned her previously acknowledged obligation to Plaintiff and testified that she reviewed her file and her personal notes in preparation for her testimony on that day. Defendant Wirth's review of her personal notes in preparation for the trial was contrary to what she testified she did in preparation for her deposition, which was to review her file but that she intentionally did not review her personal notes, because she did not want to cause a breach of the attorney-client privilege.

23.     Plaintiff's counsel objected to any testimony from Defendant based on her review of her notes, but Plaintiff's objection was overruled and Defendant Wirth was permitted to testify. Defendant Wirth's personal notes were also ordered to be produced to Jones and his attorneys, with some, but not all of the privileged information redacted.

24.     Plaintiff is informed and believes and, based thereon, alleges the conduct of Defendants, and each of them, and their intentional disclosure of privileged attorney notes maintained in the file of Plaintiff's former counsel, regarding the negotiation of the Prenuptial Agreement entered between Plaintiff and her former husband and in an action related to that Agreement, which they knew to be protected by the attorney-client privilege, fell below the applicable standards of care as set forth herein.

25.     By their actions at trial, Defendants, and each of them, knowingly failed to protect and preserve the attorney-client privilege, to Plaintiff's detriment. Defendants, and each of them, knowingly failed to take appropriate measures to assure that privileged information was not disclosed to Plaintiff's adversary in case number D-12-470239-U. Defendants not only reversed their position to the detriment of Plaintiff during trial with their sudden change in position, but they caused confidential information, which they previously did not produce to Plaintiff during discovery because it was privileged information Defendant Wirth knew was privileged and the review of it prior to testimony would jeopardize the privilege. Defendants had acknowledged the information at issue was entitled to the protections of the attorney-client privilege, not to be disclosed to Plaintiff's adversary in those proceedings. Plaintiff's defense in that civil case was

so severely compromised by acts and omissions of the Defendants, and each of them, that Plaintiff had no reasonable chance of prevailing at trial.

26.  As a result of the acts and omissions of the Defendants, and each of them, and their non-disclosed change of position at trial, Plaintiff was not prepared to, and was not able to, controvert the new claims and information, which was disclosed for the first time during trial, in any meaningful way.

27.  In doing the things herein alleged, Defendants, and each of them, repeatedly and intentionally put their own interests ahead of the interests of their former client, Plaintiff.

28.  By their acts and omissions Defendants, and each of them, failed to take appropriate measures to assure that information, which they acknowledged was protected by the attorney-client privilege, and which was entitled to such protection, was not disclosed. Defendants, and each of them, also prevented Plaintiff from having information which was critical to her defense in advance of trial.

29.  The work allegedly done by Defendants in their representation of Plaintiff, and their actions, as well as their private and confidential discussions with Plaintiff, were critical facts and events which should have been protected by the attorney-client privilege or, in the alternative, if this information was somehow determined not to be so protected, this issue should have been the subject of thorough discovery and investigation. Defendants prevented either from occurring.

30.  Defendants, and each of them, breached their relevant duties of care by failing to adequately represent Plaintiff in accordance with relevant legal standards within the practice of law, as detailed herein, and among other things, protect Plaintiff's attorney-client privileged communications and Plaintiff's right to privacy.

31.  The conduct of the Defendant's, and each of them, as described herein, was a breach of Defendant's duty to exercise reasonable care, skill, and diligence on Plaintiff's behalf and to protect her privileges.

32.  The Defendant, and each of them, breached Plaintiff's rights for their own perceived protections from liability that was never raised by Plaintiff.

33. As a result of defendant's negligence in doing the acts and omissions described herein, Plaintiff sustained injury and loss.

34. By the acts and omissions described herein, Defendants, and each of them, breached the attorney-client privilege and that breach was the proximate cause of damages sustained by their former client, Plaintiff.

35. As a direct and proximate result of the Defendants actions, as alleged herein, Plaintiff incurred significant attorney fees during the trial of case number D-12-470239-U, which would not otherwise have been incurred.

36. On September 24, 2014 the Court issued its Findings of Fact, Conclusions of Law and Judgment in case number D-12-470239-U. As a direct and proximate result of the Defendants actions, as alleged herein, the Court in case number D-12-470239-U found that Plaintiff's recollection of the events surrounding the execution of the Prenuptial Agreement was not credible. This finding was based primarily on the testimony of Defendant Wirth regarding her notes. The Court made specific findings about information testified to by Defendant Wirth based on her review of her notes and, from those findings, determined that Plaintiff's recollection of those facts was not credible. The Court then entered Judgment in favor of Jones, granting his request for specific performance against Plaintiff in the sum of $1,750,000 and ordering Plaintiff to transfer three (3) real properties to Jones and to pay Jones' attorney fees, as the "prevailing party," in the sum of $4,003,553.27.

37. As a further direct and proximate result of the Defendants actions, as alleged herein, Plaintiff sustained damages, including but not limited to legal fees and costs defending against the Defendants actions in case number D-12-470239-U, in an amount subject to proof. Plaintiff has sustained and will continue to sustain, further and additional damages as a direct result of the Defendants' actions in an amount according to proof.

38. Plaintiff has suffered direct and consequential damages in excess of $75,000.

## SECOND CAUSE OF ACTION

(Negligence)

39. Plaintiff refers to and incorporates herein the General Allegations stated in

Paragraphs 1 through 38 alleged herein above, and makes them a part hereof as though set forth in their entirety herein.

40. Plaintiff hereby refers to Paragraphs 8 through 34, inclusive, of Plaintiff's First Cause of Action and by so doing incorporates each of said paragraphs herein by this reference as though set forth *in haec verba*.

41. The attorney-client relationship between Plaintiff and Defendants, and each of them, gives rise to a duty of care within the scope of the relationship. The Defendants, and each of them, negligently failed to exercise ordinary skill and knowledge thus departing from the standard of reasonable care and said departure was the proximate cause of actual damages suffered by the Plaintiff.

42. Defendants, and each of them, failed to comply with the applicable standards of care, applicable to lawyers, described herein, in the duties that they have to a client within the scope of the representation they furnish to their client.

43. Defendants, and each of them, failed to exercise reasonable care and skill with regard to their representation of Plaintiff, by negligently and carelessly doing all of the acts and omissions as herein alleged. By deviating from the applicable standards of care, Defendants, and each of them, committed negligence.

44. As a result of defendant's negligence in doing the acts and omissions described herein, Plaintiff sustained injury and loss in an amount not yet fully ascertained.

45. As a direct and proximate result of the Defendants actions, as alleged herein, Plaintiff incurred significant attorney fees during the trial of case number D-12-470239-U, which would not otherwise have been incurred.

46. As a direct and proximate result of the Defendants actions, as alleged herein, the Court in case number D-12-470239-U made negative findings about Plaintiff. Plaintiff's defense in that civil case was so severely compromised by the acts and omissions of the Defendants, and each of them, that Plaintiff had no reasonable chance of prevailing at trial and resulted in a Judgment being taken against Plaintiff.

47. As a further direct and proximate result of the Defendants actions, as alleged

herein, Plaintiff sustained damages, including but not limited to legal fees and costs defending against the Defendants actions in case number D-12-470239-U, in an amount subject to proof. Plaintiff has sustained and will continue to sustain, further and additional damages as a direct result of the Defendants' negligence in an amount according to proof.

48. Plaintiff has suffered direct and consequential damages in excess of $75,000.

## THIRD CAUSE OF ACTION

(Breach of Fiduciary Duty)

49. Plaintiff refers to and incorporates herein the General Allegations stated in Paragraphs 1 through 48 alleged herein above, and makes them a part hereof as though set forth in their entirety herein.

50. Plaintiff hereby refers to Paragraphs 8 through 34, inclusive, of Plaintiff's First Cause of Action and by so doing incorporates each of said paragraphs herein by this reference as though set forth *in haec verba*.

51. Plaintiff hereby refers to Paragraphs 35 through 43, inclusive, of Plaintiff's Second Cause of Action and by so doing incorporates each of said paragraphs herein by this reference as though set forth *in haec verba*.

52. Defendants, and each of them, owed Plaintiff a fiduciary duty to act at all times in good faith and in Plaintiff's best interests; and had a duty, among other things, (1) to perform the service which they undertook and for which they were paid, with reasonable care and skill, (2) to act in Plaintiff's highest and best interests at all times, (3) to not expose Plaintiff to any unnecessary risk or peril; (4) to avoid impermissible conflicts of interest; (5) to protect Plaintiff's confidential information; (6) to communicate with Plaintiff; (7) to deal honestly with Plaintiff and (8) to not employ advantages arising from the client-lawyer relationship in a manner that is adverse to the client.

53. Defendants and each of them, breached their fiduciary duties and obligations to Plaintiff by doing all of the acts and omissions as herein alleged. Among other things, Defendants breached their duties when Defendant Wirth abandoned Defendant's previously acknowledged obligation to Plaintiff to preserve and protect the attorney-client privilege and

testified that she reviewed her file and her personal notes in preparation for her trial testimony on that day. Thus resulting in an intentional waiver of Plaintiff's legal privileges.

54.     Defendants, and each of them, breached their fiduciary duty and obligation to perform the service which they undertook, to perform with reasonable care and sill and for which they were paid, when Defendants, and each of them, abandoned their previously acknowledged obligation to Plaintiff to preserve and protect the attorney-client privilege, and Defendant Wirth reviewed her previously undisclosed personal notes in preparation for her testimony at a trial between Plaintiff and her former husband and testified at trial regarding information contained in those notes, without notice to Plaintiff.

55.     Defendants, and each of them, breached their fiduciary duty and obligation to act in Plaintiff's highest and best interests at all times, when Defendants, and each of them, abandoned their previously acknowledged obligation to Plaintiff to preserve and protect the attorney-client privilege, and Defendant Wirth reviewed her previously undisclosed personal notes in preparation for her testimony at a trial between Plaintiff and her former husband and testified at trial regarding information contained in those notes, all without notice to Plaintiff.

56.     Defendants, and each of them, breached their fiduciary duty and obligation to not expose Plaintiff to any unnecessary risk or peril when Defendants, and each of them, abandoned their previously acknowledged obligation to Plaintiff to preserve and protect the attorney-client privilege, and Defendant Wirth, without Plaintiff's consent or notice to her, reviewed her previously undisclosed personal notes in preparation for her testimony at a trial between Plaintiff and her former husband, knowing that such conduct would result in a privilege waiver, all without the knowledge of Plaintiff, and then testified at trial regarding information contained in those notes.

57.     Defendants, and each of them, breached their fiduciary duty and obligation to avoid impermissible conflicts of interest when Defendants, and each of them, abandoned their previously acknowledged obligation to Plaintiff to preserve and protect the attorney-client privilege, and Defendant Wirth reviewed her previously undisclosed personal notes in preparation for her testimony at a trial between Plaintiff and her former husband and testified at

trial regarding information contained in those notes, without notice to Plaintiff.

58. Defendants, and each of them, breached their fiduciary duty and obligation to protect Plaintiff's confidential information when Defendants, and each of them, abandoned their previously acknowledged obligation to Plaintiff to preserve and protect the attorney-client privilege, and Defendant Wirth reviewed her previously undisclosed personal notes in preparation for her testimony at a trial between Plaintiff and her former husband and testified at trial regarding information contained in those notes.

59. Defendants, and each of them, breached their fiduciary duty and obligation to communicate with Plaintiff when Defendants, and each of them, failed to advise Plaintiff of their decision to abandon their previously acknowledged obligation to Plaintiff to preserve and protect the attorney-client privilege, failed to timely advise Plaintiff that Defendant Wirth had reviewed her previously undisclosed personal notes in preparation for her testimony in advance of the trial and failed to timely advise Plaintiff that Defendant Wirth would be testifying regarding information contained in her notes at trial.

60. Defendants, and each of them, breached their fiduciary duty and obligation to deal honestly with Plaintiff when Defendants, and each of them, abandoned their previously acknowledged obligation to Plaintiff to preserve and protect the attorney-client privilege, and Defendant Wirth reviewed her previously undisclosed personal notes in preparation for her testimony at a trial between Plaintiff and her former husband and testified at trial regarding information contained in those notes, without notice to Plaintiff.

61. Defendants, and each of them, breached their fiduciary duty and obligation to not employ advantages arising from the client-lawyer relationship in a manner that is adverse to the client when Defendants, and each of them, abandoned Defendant's previously acknowledged obligation to Plaintiff to preserve and protect the attorney-client privilege, and when Defendant Wirth reviewed her previously undisclosed personal notes in preparation for her testimony at a trial between Plaintiff and her former husband and testified at trial regarding information contained in those notes, without notice to Plaintiff.

62. In doing each of the above described acts and omissions, which constitute

Defendants' breach of their fiduciary duties owed to Plaintiff, Plaintiff sustained damages, including but not limited to legal fees incurred by Plaintiff in case number D-12-470239-U and the obligations under the Judgment. Plaintiff has sustained further and additional economic and out of pocket losses and damages to be presented at trial, all according to proof.

63. The acts and omissions constituting a breach of the Defendants' fiduciary duties to Plaintiff were committed with oppression, fraud and/or malice. As a result, Plaintiff, in addition to actual damages, may recover and is requesting punitive/exemplary damages for the sake of example and by way of punishing Defendants.

64. Plaintiff has suffered direct and consequential damages in excess of $75,000.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, upon all Causes of Action, as follows:

1. <u>As to the First Cause of Action</u>
   A. For actual damages in a sum in according to proof;
   B. For interest as allowed by law;
   C. For costs of suit incurred herein; and
   D. For such other and further relief as the Court deems just and proper.

2. <u>As to the Second Cause of Action</u>
   A. For actual damages in a sum in according to proof;
   B. For interest as allowed by law;
   C. For costs of suit incurred herein; and
   D. For such other and further relief as the Court deems just and proper.

3. As to the Third Cause of Action;
   A. For actual damages in a sum in according to proof;
   B. For exemplary or punitive damages according to proof;

///
///
///
///

1         C.      For interest as allowed by law;

2         D.      For costs of suit incurred herein; and

3         E.      For such other and further relief as the Court deems just and proper.

4 DATED: February 8, 2016    By:

*[signature]*

KIMBERLY MOFFATT JONES
1368 E. Mountain Drive
Montecito, CA 92108
Self-represented Plaintiff