# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY MOFFATT JONES, | ) |
| Plaintiffs, | ) Case No. 2:16-cv-00243-MMD-GWF |
| vs. | ) **ORDER** |
| KATHRYN STRYKER WIRTH, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion to Stay Discovery Pending Disposition of Motion to Dismiss (ECF No. 29), filed on August 15, 2016. Plaintiff filed her Opposition (ECF No. 35) on September 1, 2016 and Defendants filed their Reply (ECF No. 42) on September 14, 2016. The Court has reviewed the parties' briefs and relevant pleadings and documents on file in this action, and has determined that oral argument on this motion is not required.

## BACKGROUND

Plaintiff Kimberly Moffatt Jones ("Kimberly"), acting *pro se*, filed her complaint in this action on February 8, 2016. *Complaint (ECF No.1)*. Attorneys Luis A. Ayon and Joseph A. Gutierrez subsequently entered their appearance as counsel for Plaintiff on April 29, 2016. *Notice of Appearance (ECF No. 4)*. Defendants Kathryn Stryker Wirth ("Wirth") and Jolley Urga Woodbury & Little, et al., filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on June 7, 2016. *Motion to Dismiss (ECF No. 21)*. Briefing on that motion is complete as of the present time.[1]

---

[1] On August 30, 2016, Plaintiff filed a motion for leave to file a supplemental opposition to Defendant's motion to dismiss. *Motion (ECF No. 33)*. The parties thereafter entered into a stipulation and proposed order to allow supplemental briefing. *Stipulation (ECF No. 37)*. The stipulation was denied by the Court on September 12, 2016 because the parties failed to provide any reason to support their stipulation. The Court stated that "to

This action arises out of an underlying lawsuit between Kimberly and her former husband, Fletcher ("Ted") Jones, Jr. in the Clark County, Nevada District Court, Family Division, in which Ted sought to enforce a July 1, 1998 prenuptial agreement and certain post-martial agreements against Kimberly. According to Kimberly's complaint in this action, Wirth, an attorney, testified in the underlying action that she represented Kimberly in negotiating and executing the 1998 prenuptial agreement. *Complaint (ECF No. 1)*, ¶ 11. During the underlying lawsuit Ted noticed Wirth's deposition and requested a copy of Wirth's file relating to her representation of Kimberly. Kimberly authorized Wirth to produce certain documents from her file which were, in turn, produced to Ted. *Complaint (ECF No. 1)*, ¶ 18. Wirth testified at her deposition that her notes were intentionally withheld from the production to protect Kimberly's attorney-client privilege and the attorney work product privilege. ¶ 19. Wirth testified at deposition that she did not review her notes to avoid "an inadvertent breach of the attorney-client privilege by reviewing those documents in preparation for her deposition, which would make those documents subject to production to the opposing party . . . ." ¶ 20.

Kimberly alleges that when Wirth was called as a witness by Ted to testify at trial on February 7, 2014, however, "she abandoned her previously acknowledged obligation to [Kimberly] and testified that she reviewed her file and her personal notes in preparation for her testimony on that day." ¶ 22. Kimberly objected to any testimony by Wirth based on her review of her notes, but her objection was overruled and Wirth was permitted to testify. "Wirth's personal notes were also ordered to be produced to [Ted] and his attorneys, with some, but not all of the privileged information redacted." ¶ 23. Kimberly alleges that Wirth knowingly failed to protect and preserve Kimberly's attorney-client privilege to her detriment. Because Wirth failed to disclose her change of position to Kimberly prior to trial, she was not able to controvert new claims and information that was disclosed for the first time during trial. ¶ 26. Kimberly alleges that Wirth's conduct so severely compromised her defense that she had no reasonable chance of prevailing at trial. ¶ 25. She alleges that as a direct and proximate result

---

the extent the parties agree that events that transpired after Plaintiff filed her response to the motion to dismiss are relevant to the Court's consideration of the motion to dismiss, the Court will consider a stipulation to permit defendants to withdraw their motion to dismiss and file a renewed motion to dismiss . . . ." *Amended Minute Order in Chambers (EFC No. 41)*.

1  of Wirth's actions the district court found that Kimberly's recollection of events surrounding the
2  execution of the Prenuptial Agreement was not credible. ¶ 36.  She further alleges that the district
3  court's credibility finding against her resulted in the court awarding judgment to Ted and ordering her
4  to pay Ted's substantial attorney's fees. *Id.*  Based on the foregoing allegations, Kimberly alleges
5  causes of action against Wirth and Jolley Urga Woodbury & Little, et al., for legal malpractice,
6  negligence, and breach of fiduciary duty.

7  Defendants argue in their motion to dismiss that Kimberly's negligence and breach of fiduciary
8  duty claims are subsumed by her claim for legal malpractice. *Motion to Dismiss (ECF No. 21), pgs*
9  *6–7.*  They further argue that the complaint fails to state a claim for legal malpractice because Wirth did
10 not represent Kimberly in the underlying lawsuit, but merely testified as a percipient witness at trial.
11 Defendants contend that Kimberly, at most, "has alleged violations of the Nevada Rules of Professional
12 Conduct, which do not provide her with a basis for a private right of action." *Id. at pg. 8:25–27* (citing
13 *Mainor v. Nault*, 120 Nev. 750, 754, 101 P.3d 308, 311 (2004)).  Defendants next argue that the
14 complaint is barred by the statute of limitations in NRS 11.207(1) which requires that an action for
15 legal malpractice "be commenced within 4 hours after the plaintiff sustains damage or within 2 years
16 after the plaintiff discovers or through the use of reasonable diligence should have discovered the
17 material facts which constitute the cause of action, whichever occurs earlier."  Kimberly would have
18 discovered the alleged malpractice no later than February 7, 2014 when Wirth testified at trial in the
19 underlying lawsuit.  Because the complaint was not filed until February 8, 2016, Defendants argue that
20 the statute of limitations expired before this action was filed. *Id. at pgs 9–11.*  Defendants also move
21 for dismissal of Kimberly's punitive damages claim on the grounds that punitive damages are not
22 recoverable in a legal malpractice action. *Id. at pgs 11–13.*

23 Kimberly argues in her opposition that her claims for legal malpractice, negligence and breach
24 of fiduciary duty are valid and distinct claims.  She further argues that she has a viable claim for legal
25 malpractice against Defendants based on Wirth's duty to maintain the confidences of her former client.
26 *Opposition (ECF No. 24), pgs 6–9.*  Although Kimberly concedes that the Nevada Rules of Professional
27 Conduct do not create a private right of action, she argues that a violation of the Rules is relevant to
28 establishing the standard of care upon which a claim for legal malpractice is based. *Id. at pgs 9–11.*

Kimberly argues that her legal malpractice claim is not barred by the statute of limitations because February 7, 2016 was a Sunday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the statute of limitations did not expire until February 8, 2016 when the complaint was filed.

Defendants materially changed the focus of their motion to dismiss in their reply brief. On July 14, 2016, the Nevada Supreme Court issued its Order of Affirmance of the judgment in the underlying action. *Reply (ECF No. 28), Exhibit F.* In upholding the prenuptial agreement between Ted and Kimberly, the Nevada Supreme Court stated that "the clauses of the agreement and the circumstances existing at the time of the execution of the contract were not so one-sided as to either oppress or unfairly surprise Kimberly. Kimberly was independently represented and understood the significance of the agreement. She also signed the agreement freely and voluntarily." *Order of Affirmance, pg. 6.* In a footnote, the Court addressed Kimberly's argument that the district court should not have permitted Wirth to testify:

> Kimberly also argues that the district court "should not have permitted Kimberly's former attorney, Kathryn Stryker Wirth, to lead the impeachment effort against Kimberly by relying on privileged notes." However, the district court ruled that there was an attorney-client privilege and properly redacted the documents. *See In re Grand Jury Proceedings*, 689 F.2d 1351, 1352 (11th Cir. 1982). Kimberly fails to identify any specific testimony by Wirth that disclosed privileged communications impacting the trial or any part of the district court's findings and conclusions in which the district court improperly relied on privileged testimony from Wirth.

*Order of Affirmance, pg. 11, n. 5.*

Defendants base their reply argument for dismissal on other judicial documents in the underlying action, including the district court's Findings of Fact, Conclusion of Law, and Judgment. They argue that these documents establish the following:

Kimberly allegedly denied in the underlying action that she spoke to or retained Wirth as her attorney prior to July 1, 1998 when she was taken to Wirth's office to execute the prenuptial agreement. Apparently because Kimberly denied any attorney-client relationship with Wirth prior to July 1, 1998, the district court took the position that she could not assert the attorney-client privilege with respect to

communications with Wirth prior to that date.[2] The district court found that an attorney-client relationship existed between Kimberly and Wirth as of July 1, 1998. Another district judge conducted an *in camera* review of Wirth's notes on and after July 1, 1998, and ordered that certain notes that did not contain privileged matter be produced to Ted. The district court also ordered that Wirth's unredacted notes prior to July 1, 1998 be produced. Kimberly filed a petition for a writ of prohibition in the Nevada Supreme Court to prevent to the production and introduction of Wirth's unredacted notes prior to July1, 1998. Kimberly's petition was still pending when the underlying trial was completed. Wirth's pre- July 1, 1998 notes were never produced or introduced in underlying case. Defendants therefore argue that there is no factual or legal basis to Kimberly's claims in this action and that her complaint should be dismissed.

Although Kimberly has not had the opportunity to file a response to Defendants' reply in support of the motion to dismiss, she has responded to Defendants' arguments in her opposition to the motion to stay discovery. *See Opposition to Defendants' Motion to Stay (ECF No. 35), pgs 2–5.* Kimberly does so by repeating the factual allegations set forth in her complaint. *Id.* Defendants argue that these allegations cannot overcome the factual findings and legal conclusions made by the district court and the Nevada Supreme Court in the underlying case. They therefore argue that their motion to dismiss will be granted and that discovery should be stayed until the Court rules on that motion.

**DISCUSSION**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D.Nev. 2013) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D.Nev. 2011). "Courts in this District have formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion; motions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the

---

[2]According to the underlying Findings of Fact, Conclusion of Law, and Judgment, however, Kimberly did, in fact, retain Wirth as her counsel in June 1998, and Wirth negotiated the terms of the prenuptial agreement on her behalf.

merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Id.*

Based on the arguments made in Defendants' initial motion to dismiss, the Court is not convinced that Plaintiff's complaint will be dismissed. An attorney's duty to maintain the confidences of her client, and her duty of loyalty to the client on matters in which she represented the client, continues after the representation has otherwise ended. The former client can therefore bring a legal malpractice action against an attorney who violates her duty to preserve the client's confidences and thereby causes the injury to the former client. *Damron v. Herzog*, 67 F.3d 211, 213–14 (9th Cir. 1995). *See also Bevan v. Fix*, 42 P.3d 1013 (Wyo. 2002). If Wirth intentionally or negligently caused the disclosure of confidential attorney-client communications which prejudiced Kimberly's defense in the underlying case, then Kimberly is not precluded from suing Wirth because she was no longer Kimberly's attorney when the unauthorized disclosures were made. Second, the Court is not convinced that Kimberly's complaint will be dismissed because it is premised on Wirth's violation of the Nevada Rules of Professional Conduct. As stated in *Mainor v. Nault*, 120 Nev. 750, 768, 101 P.3d 308 (2004), "the violation of professional rules of responsibility does not create a private right of action, but is relevant to the standard of care." Third, Defendants almost concede in their reply that their motion to dismiss based on the statute of limitations will be denied because there are factual issues as to whether the statute ran. Kimberly appears to raise a valid argument that the statute of limitations did not expire until February 8, 2016. Finally, as to Kimberly's punitive damages claim, the Court is not convinced that punitive damages are unavailable if Kimberly proves that Wirth intentionally and maliciously caused the disclosure of confidential attorney-client communications.

Turning to Defendants' arguments in their reply brief in support of the motion to dismiss, the Court is not required to consider arguments made for the first time in a reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Van Pelt v. Skolnik*, 897 F.Supp.2d 1031, (D.Nev. 2012). Defendants appears to agree that Kimberly is entitled to respond to these arguments. As the district judge stated in her September 12, 2016 minute order, it may be appropriate for Defendants to withdraw their pending motion to dismiss and file a new motion which can then be appropriately briefed. It is, however, premature to stay discovery based on arguments that are not properly before the court.

The Court is also not convinced that Kimberly's complaint will be dismissed without some further discovery or, at least, further briefing regarding the effect of the Nevada Supreme Court order on Plaintiff's claims in this case. The Nevada Supreme Court stated that "Kimberly fails to identify any specific testimony by Wirth that disclosed privileged communications impacting the trial or any part of the district court's findings and conclusions in which the district court improperly relied on privileged testimony from Wirth." *Order of Affirmance, pg. 11, n. 5*. It may be that such testimony does not exist. Assuming, however, that such evidence does exist in the underlying record, is Plaintiff precluded from asserting that evidence against Defendants in this case? The undersigned does not venture to predict an answer to this question based on the present record. The Court will therefore deny Defendant's motion to stay discovery, without prejudice.

If this action proceeds, some limitation on discovery appears appropriate. The trial transcript and exhibits in the underlying case contain the evidence that either supports or disposes of Plaintiff's claims in this lawsuit. If that record contains no evidence that Wirth testified about confidential attorney-client communications or that Wirth's notes containing confidential attorney-client communications were introduced into evidence, then Defendants ought not to be burdened with the time and expense of responding to discovery which cannot establish their liability to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery Pending Disposition of Motion to Dismiss (ECF No. 29) is **denied**, without prejudice.

**IT IS FURTHER ORDERED** that prior to commencing discovery in this action, the parties shall meet and confer and attempt reach agreement on limiting discovery in accordance with Rule 26(b)(1) and foregoing statements in this order. If the parties cannot reach agreement, then either party may file a motion for protective order.

DATED this 16th day of September, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge