# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY MOFFATT JONES;<br><br>Plaintiff,<br><br>v.<br><br>KATHRYN STRYKER WIRTH, and JOLLEY URGA WOODBURY & LITTLE aka JOLLEY URGA WOODBURY & STANDISH aka JOLLEY URGA WIRTH & WOODBURY,<br><br>Defendants. | CASE NO.: 2:16-cv-00243-MMD-GWF<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS WITH PREJUDICE |

## I. **SUMMARY**

This case involves allegations of legal malpractice, negligence and breach of fiduciary duty by Kimberly Moffatt Jones against her former counsel, Kathryn Stryker Wirth and Ms. Wirth's former firm, Jolley Urga Woodbury & Little aka Jolley Urga Woodbury & Standish aka Jolley Urga Wirth & Woodbury.

Before the Court is Defendants' Renewed Motion to Dismiss Under FRCP 12(b)(6) ("Motion"). (ECF No. 46). The Court has reviewed Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 49) and Defendants' Reply (ECF No. 58). For the reasons below, the Motion to Dismiss is granted, with prejudice.

1153324v.2

## II. RELEVANT BACKGROUND

The relevant facts are taken from the Complaint and the Motion. On or about July 1, 1998, Defendants, acting through Ms. Wirth, represented Plaintiff in negotiating and executing a prenuptial agreement, which Ms. Wirth signed as Plaintiff's attorney. (ECF No. 1, ¶ 12). More than fourteen years later, on or about October 4, 2012, Plaintiff was named as a defendant in the case entitled Fletcher Jones, Jr. v. Kimberly Jones, case number D-12-470239-U (hereinafter the "Jones v. Jones case"), filed in the District Court, Family Division in Clark County, Nevada. (ECF No. 1, ¶ 16). In the Jones v. Jones case, Fletcher Jones, Jr. ("Mr. Jones") sought specific performance and to enforce three agreements, including a prenuptial agreement, a marital settlement agreement, and a post marital agreement. (ECF No. 1, ¶ 16).

Mr. Jones identified Ms. Wirth as a witness in the Jones v. Jones case, and noticed her deposition, including requesting a copy of Defendants' file on the transaction. Prior to Ms. Wirth's deposition, Plaintiff executed an authorization for the release of certain materials from her file to her attorneys, with which Defendants complied. (ECF No. 1, ¶ 18). During her deposition on November 4, 2013, Ms. Wirth testified that her "notes" were not provided and had been withheld from the production of the file to Plaintiff, which Ms. Wirth explained was intentionally done because of attorney-client privilege and work product issues. Ms. Wirth was concerned that if she had reviewed the notes in preparation for her deposition, that it might result in a waiver of the privilege. (ECF No. 1, ¶ 19). At trial, Mr. Jones called Ms. Wirth to testify as a witness on February 7, 2014, at which time she testified that she had reviewed her file and her personal notes in preparation for her testimony on that date. (ECF No. 1, ¶ 22). The Complaint alleges that Ms. Wirth's personal notes were also ordered to be produced to Mr. Jones and his attorneys, with some, but allegedly not all of the privileged information redacted. (ECF No. 1, ¶23). Plaintiff contends that Defendants committed legal malpractice by allegedly causing confidential information that was entitled to the protection of the attorney-client privilege to be disclosed to Plaintiff's adversary in the Jones v. Jones case. Plaintiff contends that her "defense in that civil case was so severely compromised by acts and

1153324v.2

omissions of the Defendants, and each of them, that Plaintiff had no reasonable chance of prevailing at trial." (ECF No. 1., ¶ 25).

Court filings attached to Defendants' Motion show that following Ms. Wirth's testimony on February 7, 2014, Ms. Wirth requested an order from the trial court permitting her and her firm to release only to Plaintiff the attorney notes Ms. Wirth maintained in Plaintiff's client file. (ECF No. 46-1, at p. 9). The trial court granted the request and specifically ordered Ms. Wirth's notes be produced only "to [Ms. Jones] to preserve the privilege." (ECF No. 46-1, at p. 9). On February 12, 2014, counsel for Mr. Jones requested an order directing the production of Ms. Wirth's notes to Mr. Jones. (*Id*.) The following day, the trial court directed Plaintiff's counsel to provide a copy of Ms. Wirth's notes to Presiding Family Court Judge Charles Hoskin for an in camera review of the notes and to redact the privileged content. (ECF No. 46-1, at p. 9). Counsel for both parties later received a copy of Ms. Wirth's notes, as redacted by Judge Hoskin. (ECF No. 46-1 at p. 14). Eventually, the trial court ordered production of certain unredacted notes, but that order was stayed by the Nevada Supreme Court, and unredacted notes were never produced to Mr. Jones. (ECF No. 46-3, 46-4).

Following a bench trial on the merits, the trial court in the Jones v. Jones case found in favor of Mr. Jones, issuing a fifty-one page judgment that included detailed Findings of Fact and Conclusions of Law. (ECF No. 46-6). The trial court made some unfavorable findings and conclusions as to Plaintiff's credibility. (ECF No. 46-6, pp. 36, 49-50). Following trial, Plaintiff filed an appeal to the Supreme Court of Nevada, raising various issues, including "whether the district court erred by admitting evidence relating to Kimberly's credibility." [ECF No. 46-6, at p. 2] With respect to this issue, the Supreme Court stated:

> Kimberly [Jones] also argues [on appeal] that the district court 'should not have permitted Kimberly's former attorney, Kathryn Stryker Wirth, to lead the impeachment effort against Kimberly by relying on privileged notes.' However, the district court ruled that there was an attorney-client privilege and properly redacted the documents. *See In re Grand Jury Proceedings*, 689 F.2d 1351, 1352 (11th Cir. 1982). Kimberly fails to identify any specific testimony by Wirth that disclosed privileged communications impacting the trial or any part of the district court's findings and conclusions in which the district court improperly relied on privileged testimony from Wirth.

(ECF No. 46-7, at p. 12, n.5).

1153324v.2

The Complaint alleges claims of Legal Malpractice (First Cause of Action), Negligence (Second Cause of Action) and Breach of Fiduciary Duty (Third Cause of Action).

### III. DISCUSSION

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

#### B. Judicial Notice of Exhibits Attached to Defendants' Motion

Defendants' Motion attaches publicly filed documents as Exhibits 46-1, 46-2, 46-3, 46-4, 46-5, 46-6 and 46-7, consisting of a Petition for Writ of Mandamus and/or Prohibition filed with the Nevada Supreme Court, an Order from the Family Division of the District Court, two Orders granting stays issued by the Nevada Supreme Court, Findings of Fact and Conclusions of Law issued by the Family Division of the District Court, and an Order of Affirmance from the Nevada Supreme Court. Defendants requested that the Court take judicial notice of these documents, and Plaintiff did not oppose the request. All of the documents are publicly-filed court records whose contents are either alleged in or central to the Complaint. As a result, the Court may take judicial notice of these documents without converting the motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Defendants' request to take judicial notice of Exhibits 46-1 through 46-7 is granted.

1153324v.2

**C. Plaintiff's Complaint Fails to State a Claim for Which Relief May be Granted under Fed. R. Civ. P. 12(b)(6).**

Plaintiff's Complaint alleges that by virtue of Ms. Wirth's review of her privileged notes prior to testifying at trial, privileged information contained in those notes was disclosed to her former husband, and used to impeach her credibility at trial. (ECF No. 1, ¶¶ 23, 24, 25, 36). However, those notes were reviewed and redacted by the Presiding Judge of the Family Division, at the request of the trial court, before being provided to Plaintiff's former husband. Thus, no privileged portions of the notes were provided to Mr. Jones. The Nevada Supreme Court, in affirming the Findings of Fact and Conclusions of Law issued by the District Court, specifically addressed Ms. Wirth's notes and rejected the claim Plaintiff asserts in her Complaint, by stating:

> Kimberly also argues that the district court "should not have permitted Kimberly's former attorney, Kathryn Stryker Wirth, to lead the impeachment effort against Kimberly by relying on privileged notes." However, the district court ruled that there was an attorney-client privilege and properly redacted the documents. *See In re Grand Jury Proceedings*, 689 F.2d 1351, 1352 (11th Cir. 1982). Kimberly fails to identify any specific testimony by Wirth that disclosed privileged communications impacting the trial or any part of the district court's findings and conclusions in which the district court improperly relief on privileged testimony from Wirth.

(ECF No. 46-7, page 12, fn. 5).

Plaintiff concedes that she is bound by the Nevada Supreme Court's ruling, even if she disagrees with it. As a result, Plaintiff's allegations do not state a plausible claim under Fed. R. Civ. P. 12(b)(6).

In Plaintiff's Opposition and at oral argument, Plaintiff argued that her claim was broader than plead in the Complaint. Plaintiff argued that Ms. Wirth fell below the standard of care and breached a fiduciary duty because she decided to review her notes in preparation for her trial testimony, when she had not reviewed her notes prior to her deposition testimony. Plaintiff argues that this change in strategy led to the notes becoming an issue, and ultimately impacted the trial court's conclusions about Plaintiff's credibility. The Court finds no merit in Plaintiff's argument, however, because Plaintiff has failed to identify any authority preventing Ms. Wirth from reviewing her notes in order to provide truthful testimony under subpoena, when no privileged information was

1153324v.2

revealed. There is no legal duty under which Ms. Wirth would be precluded from reviewing her notes and testifying truthfully and fully. Plaintiff argued that Nevada Rule of Professional Conduct 1.9(c) imposes such a duty. Nevada Rule of Professional Conduct 1.9(c) states:

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) Reveal information relating to the representation except as these Rules would permit or require with respect to a client.

The Court finds that Rule of Professional Conduct 1.9(c) does not apply. Ms. Wirth did not use information relating to her prior representation of Plaintiff to the disadvantage of Plaintiff. Ms. Wirth provided truthful testimony in response to a subpoena to do so, which the Court does not consider as any improper "use" under the Rule.

The Court also finds that Plaintiff's legal malpractice cause of action fails to state a claim under Fed. R. Civ. P. 12(b)(6), on an independent basis. The elements of a legal malpractice claim under Nevada law are 1) an attorney-client relationship; 2) a duty on the part of the lawyer; 3) a failure to perform the duty; and 4) damage caused to the client as a result. Further, "the attorney must be employed in such a capacity as to impose a duty of care with regard to the particular transaction connected to the malpractice claim." *Warmbrodt v. Blanchard*, 100 Nev. 703, 706-707, 692 P.2d 1282, 1285 (1984)(superceded by statute on other grounds as stated in *Humphries v. Eighth Jud. Dist. Ct*., 129 Nev. Adv. Op. 85, 312 P.3d 484 (2013)), *citing Shropshire v. Freeman*, 510 S.W.2d 405 (Tex. Civ. App. 1974); *Mainor v. Nault*, 120 Nev. 750, 768, 101 P.3d 308 (2004), as corrected on denial of reh'g (Apr. 13, 2005)(commenting that a legal malpractice claim focuses on whether the attorneys adhered to the standard of care in their representation of the case). At the time of the incidents alleged in the Complaint, Ms. Wirth did not have an attorney-client relationship with Plaintiff. Plaintiff is not alleging any acts of malpractice at the time of the drafting of the pre-nuptial agreement in 1998, when she and Ms. Wirth did have an attorney-client relationship. Thus, the

1153324v.2

Court finds that Plaintiff cannot state a claim for legal malpractice against Ms. Wirth arising out of her trial testimony in 2014 under the pleading standards of *Iqbal* and *Twombly*.

### D. Leave to Amend is Denied as Futile

Plaintiff's Opposition seeks the opportunity to amend the Complaint. The Court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). The Court finds that amendment would be futile, as Ms. Wirth did not disclose privileged information in violation of the Rules of Professional Conduct, and Plaintiff cannot state facts demonstrating a violation or a breach of the standard of care by virtue of her testimony at trial.

## IV. CONCLUSION

It is hereby ordered that Defendants' Renewed Motion to Dismiss Under FRCP 12(b)(6) (ECF No. 46) is granted. Plaintiff's Complaint is dismissed with prejudice. The Clerk is directed to enter judgment in accordance with this Order and close this case.

**ORDER**

**IT IS SO ORDERED.**

Dated this __6th__ day of ____June_____, 2017

_____
UNITED STATES DISTRICT COURT JUDGE

1153324v.2

1 | DATED this 2nd day of June, 2017.
---|---
2 |
3 | Respectfully Submitted,
4 | **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
5 |
6 | BY: */s/ Sheri M. Thome*
  | Sheri M. Thome, Esq.
7 | Nevada Bar No. 008657
  | Chad C. Butterfield, Esq.
8 | Nevada Bar No. 010532
  | 300 South Fourth Street, 11th Floor
9 | Las Vegas, Nevada 89101
  | *Attorneys for Defendants*
10 | *Kathryn Stryker Wirth, and Jolley Urga Woodbury & Little aka Jolley Urga*
11 | *Woodbury & Standish aka Jolley Urga Wirth & Woodbury*

1153324v.2